UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

RONALD ALEX STEVENSON,

                    Plaintiff,

    v.

CONNIE S. BISBEE, *et al.*,

                    Defendants.

Case No. 3:16-cv-00308-MMD-WGC

SCREENING ORDER

      Plaintiff, who is a prisoner in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF No. 1, 1-1.) The Court now screens Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A.

**I.    SCREENING STANDARD**

      Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act (PLRA), a federal court must dismiss a prisoner's claim, if "the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide

2

the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.  SCREENING OF COMPLAINT

In the complaint, Plaintiff sues multiple defendants for events that took place while Plaintiff was incarcerated at Lovelock Correctional Center ("LCC"). (ECF No. 1-1 at 1.) Plaintiff sues Defendants Parole Board Chairman Connie S. Bisbee and Parole Board Executive Secretary Darla Foley. (*Id.* at 2.) Plaintiff alleges two counts and seeks declaratory relief and prospective injunctive relief. (*Id.* at 9, 24-26.)

In Count I, Plaintiff alleges the following: On June 5, 2019, Plaintiff will be eligible for parole. (*Id.* at 6.) Bisbee and the rest of the parole board have a policy of considering a prisoner's gender[1] when deciding whether to grant, deny, or continue parole. (*Id.*) Plaintiff's gender is an "immutable part of his identity not subject to rehabilitation or correction." (*Id.*) The fact that the board will use Plaintiff's gender against him as an official risk assessment violates the Equal Protection Clause. (*Id.*) The board evaluates female prisoners more favorably because of their gender. (*Id.* at 7.)

---

[1] To remain consistent with Plaintiff's use of the term, the Court will use the term "gender" to refer to an inmate's biological sex. However, "gender" generally refers to "an individual's sexual identity" as opposed to their biological sex. *Schwenk v. Hartford*, 204 F.3d 1187, 1201 (9th Cir. 2000).

On March 23 and 28, 2016, Plaintiff wrote to the board and asked them not to discriminate against him when considering him for parole in June 2019. (*Id.*) Plaintiff asked them for justification on their gender-based discrimination policy. (*Id.*) On April 20, 2016, Foley responded that "gender may in fact be considered at any future hearing to determine an offender's risk to reoffend. She justified the discrimination based solely on broad statistics demonstrating 'that men have a higher recidivism rate than women.'" (*Id.*)

In Count II, Plaintiff alleges the following: In June 2019, the board will have to consider and construe the criminal statute that Plaintiff violated to determine if he would violate it again or reoffend if they grant him parole. (*Id.* at 9, 11.) Plaintiff argues that the statute he was convicted under was unconstitutional. (*Id.* at 11.) The unconstitutional statute would undermine the integrity and the fairness of his due process right to be considered for parole. (*Id.*) Plaintiff was convicted under NRS § 200.710 for producing pornographic material of 16-year-olds. (*Id.* at 12.) Plaintiff challenges whether the 16-year-olds were "minors." (*Id.* at 12-15.) Plaintiff has raised a similar issue to the Nevada Supreme Court and is currently litigating a habeas corpus action in this Court based on the statute's constitutionality. (*Id.* at 15.) Plaintiff argues that this challenge is not precluded by *Heck v. Humphrey*. (*Id.* at 17-20.)

The Court dismisses the complaint in its entirety, without prejudice, but without leave to amend. Plaintiff cannot establish that he is entitled to injunctive relief. Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20). Furthermore, under the Prison Litigation Reform Act ("PLRA"), preliminary injunctive relief must be "narrowly drawn," must "extend no further than

///

4

necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

In this case, Plaintiff cannot establish irreparable harm in the absence of preliminary relief at this time. The ultimate harm for Plaintiff is the denial of parole. Plaintiff's parole hearing is over two years away. The parole board considers many factors in determining whether to deny or grant parole. Some of these factors cannot be evaluated two years prior to the hearing. As such, it is too early to determine whether the mere fact that Plaintiff is male will ultimately result in the denial of parole. Accordingly, the Court dismisses Plaintiff's equal protection claim seeking prospective relief without leave to amend.

With respect to Plaintiff's attempt to find the statute that he was convicted of unconstitutional, the Court dismisses this claim without leave to amend. The Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge "the fact or duration of his confinement," but instead must seek federal habeas corpus relief or the appropriate state relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *see Nettles v. Grounds*, __ F.3d __; No. 12-16935, 2016 WL 4072465, at *3 (9th Cir. July 26, 2016) (reiterating that the Supreme Court has "long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action"). In *Wilkinson*, the Supreme Court held that "a state prisoner's § 1983 action is barred (absent prior invalidation) — no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) — if success in that action would necessarily demonstrate the invalidity of confinement or its duration. *Id.* at 81-82.

Although Plaintiff attempts to challenge his conviction in terms of his parole eligibility, the Court finds that if it were to find the statute that Plaintiff was convicted under unconstitutional, that would necessarily demonstrate the invalidity of his confinement. As such, the Court dismisses this claim without leave to amend.

///

### III. CONCLUSION

For the foregoing reasons, it is ordered that the application to proceed *in forma pauperis* (ECF No. 1) is denied as moot.

It is further ordered that the Clerk of the Court file the complaint (ECF No. 1-1).

It is further ordered that the complaint is dismissed in its entirety without leave to amend.

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED THIS 31st day of January 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE