UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RONALD ALEX STEVENSON, | Case No. 3:16-cv-00308-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| CONNIE S. BISBEE et al., | |
| Defendants. | |

## I.    DISCUSSION

On January 31, 2017, this Court entered a screening order dismissing the entire complaint without leave to amend, denied the application to proceed *in forma pauperis* as moot, and certified that any *in forma pauperis* appeal from the order would not be taken in good faith. (ECF No. 3 at 6.) In the complaint, Plaintiff sought declaratory relief and prospective injunctive relief for a parole hearing that would take place sometime after June 5, 2019. (*Id.* at 3.) The Court dismissed Plaintiff's complaint on the grounds that he could not establish irreparable harm in the absence of preliminary relief at this time and that he could not challenge the constitutionality of the statute that he was convicted of in a 42 U.S.C. § 1983 action based on *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) and *Nettles v. Grounds*, 830 F.3d 922 (9th Cir. 2016). (*Id.* at 5.)

Plaintiff now files a motion for reconsideration. (ECF No. 6.)[1] In the motion, Plaintiff disagrees with the Court's interpretation of *Wilkinson* and challenges the dismissal of his complaint on all grounds. (*See generally* ECF No. 6.) Plaintiff asserts that an appeal would be taken in good faith. (*Id.* at 8.)

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" and set "forth facts or law of a strongly convincing nature to persuade the court to reverse its prior decision." *Frasure v. United States*, 256 F.Supp.2d 1180, 1183 (D. Nev. 2003). Reconsideration is appropriate if this Court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Brown v. Kinross Gold, U.S.A.*, 378 F.Supp.2d 1280, 1288 (D. Nev. 2005).

The Court denies Plaintiff's motion in part and grants it in part. The Court has reviewed Plaintiff's arguments and does not find that it committed clear error in its initial decision. However, the Court will reconsider its findings with respect to Plaintiff's application to proceed *in forma pauperis*. The Court will now grant Plaintiff's application to proceed *in forma pauperis* and certify that an appeal would be taken in good faith.

## II.   CONCLUSION

For the foregoing reasons, it is ordered that the motion for reconsideration (ECF No. 5) is denied as moot.

It is further ordered that the motion for reconsideration (ECF No. 6) is granted in part and denied in part. The Court denies the motion based on its legal arguments but will grant the motion with respect to reconsideration of the application to proceed *in forma pauperis*.

---

[1] Plaintiff filed two motions for reconsideration a day apart. (ECF Nos. 5, 6). The latter motion states that it is "corrected and dated." (ECF No. 6 at 1). The Court denies the first motion for reconsideration (ECF No. 5) as moot and addresses the arguments in the latter motion.

It is further ordered that the Court vacates the denial of the application to proceed *in forma pauperis* (ECF No. 1) as moot and reinstates the application to proceed *in forma pauperis*.

It is further ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) without having to prepay the full filing fee is granted. Plaintiff will not be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor. This order granting *in forma pauperis* status shall not extend to the issuance and/or service of subpoenas at government expense.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, the Nevada Department of Corrections will pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to the account of Ronald Alex Stevenson, #81847 (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk will send a copy of this order to the attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons, P.O. Box 7011, Carson City, NV 89702.

It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the Prisoner Litigation Reform Act.

It is further ordered that the complaint remains dismissed in its entirety pursuant to the screening order (ECF No. 3).

It is further ordered that this Court certifies that any *in forma pauperis* appeal from this order would be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3).

DATED THIS 24th day of February 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE